Ms. 14-3022 Dawn Guba et al. v. Huron County Ohio et al. Oral Argument, 15 minutes per side. Ms. Christian for the appellants. Good morning, Your Honors. May it please the Court, Amanda Christian on behalf of the plaintiffs, Dawn Guba and Sean Ward. At this time I would like to reserve four minutes for rebuttal. Your Honors, I'm here today on behalf of all individuals receiving child support and paying into the child support system. Specifically, I'm here on behalf of Dawn Guba and Sean Ward, who have been grossly affected by the negligence and wanton misconduct of the Huron County Department of Child and Family Services. These two individuals had an order from Ingham County. I'm sure Your Honors are aware of the facts of this case, but there was an Ingham County, Michigan, support order. The parties moved to Ohio. Huron County attempts to register the support order. It's registered in 2006 in Ohio in Huron County. Unbeknownst to the parties, it's only registered for enforcement purposes only, not modification. The father modifies the order once. It goes through the Huron County Courts without issue. Father attempts to modify the order a second time. Judge picks up on that it's for enforcement purposes only, not modification. Child support tries to properly register the foreign support order. Unable to. Huron County's Child Support Enforcement Agency attorney, Heather Carman, is unable to properly enter this order seven times. Can you give me some explanation of what this inability consists of? Honestly, Your Honor, at this point and from what the Huron County Courts have put in their orders, it's the inability, the ineffectiveness, and the unwillingness of the attorney for Huron County to properly follow the revised code. It's a simple laid out structure of how this order needs to be effectuated to properly be entered. Huron County just can't get it right. And in the interim, these families bother. Is there any provision in the Ohio revised code that would permit the family to somehow get this thing filed properly? Or does it have to be done by the county? Well, usually when it comes to divorce matters or custody matters, attorneys for the parties, when they're not pro, say, enter these child support orders and enter the documentation that needs to go to child support. But then Child Support Enforcement Agency ultimately enters the order for enforcement and modification. So even if a private attorney was doing this, it still would have to go to the next level of the enforcement agency to have them enter the order. But given the facts and circumstances of this case, one would believe the private attorney would have the right documentation needed to file the foreign support order. But Ohio revised code 3-1-1-5 makes it mandatory that the Child Support Enforcement Agency be required to enter these orders. This seems to me that there should be a state remedy here. We're making a civil rights matter out of something that there should be a remedy where you get a mandamus from some court in Ohio to follow the Ohio law. That's what you want them to do, isn't it? That is what we want them to do. But the interim, there's money that's been taken that hasn't been dispersed. How much money are we talking about? Nobody knows, Your Honor. And defendants haven't admitted or denied that this money's been taken. If defendants could provide spreadsheets of this money was paid in, this wasn't paid out, all the documentation provided shows that payments were being paid in, but Ms. Guba wasn't receiving. So then when the modification tried to start to take place, everything ceased. So Mr. Ward would attempt to pay, and Child Support Enforcement Agency was like, we can't take your money, we don't know what's going on with your order. So it was a continuing issue. So they're being told that they're going to be able to pay into the system soon, it's going to be entered right, all these things are going to happen, and then still, 2014, six years later, it's still not happening. And I understand you think it's... Well, he ought to know how much money's paid in, surely. Well, he knows how much money's paid in. The issue is then there's the 2% poundage that the county takes for their services. That ought to be easy to figure. What's being put to arrearages and what Mother actually receives. So all payments ceased in 2008. Understanding your argument that this should be a state matter, these are constitutional... It's not my argument. It ought to be your argument or the other side. It just seems to me. You're right, Your Honor. But this is an issue where due process rights are being blatantly trampled on for the past six to seven years. This mother's trying to get support services, so she's not going into the welfare system. Is there, and this is related to Judge Seiler's question, is there an administrative remedy for an individual caught in the situation where Ms. Guba was caught? And if there is such an administrative remedy or an administrative regime, did Ms. Guba and her paying spouse go through that process and exhaust any administrative remedies or requirements that might have been available? There is, Your Honor, and they did. There was actually a hearing, and at that hearing it was ordered that Huron County properly enter the foreign support order for the seventh time. The Huron County had 30 days to get the order from the county, the registered order, and file it properly. January 2014, the order comes out. Again, it wasn't properly entered. So now Mr. Ward and Ms. Guba are attempting to pay back into the child support agency while this is pending, and they will not take their money. They will not talk to the individuals because of this pending lawsuit. So now we went the administrative route. They still can't figure out how to do the order. We went the state route and the federal route, and now they won't even let them pay into the system. This is a state and federally mandated program where child support enforcement agency takes a 2% poundage, gets paid by state funds, by federal funds. Why is this not happening? And that's the issue is that this isn't only a taking of Mr. Ward's money. It's a gross negligence and wanton misconduct on the part of the state actors. They had the party sign waivers saying, we know we're screwing your case up. We know we're wrong here. You sign this waiver and we'll reenter the order for you. That was on the fifth time. All right. I believe you make allegations in the complaint of discrimination. Can you direct us to the portion of your complaint where we can find these allegations of discrimination that meet the hate requirements before the continuing violations theory would apply? Well, in understanding that, the discrimination is the fact that they will not let them pay into the child support. It's not a specific race, creed, any nationality, things like that. But in addition, for the continuing violations doctrine to apply, it doesn't have to be a discriminatory practice. I cite to. I'm sorry, Your Honor. I cite to a takings clause case. Kuhn Brothers v. County of Geauga, 6th Circuit, 1997, where it's this court, stated takings claims and due process claims for deprivations of liberty and property can be considered for continuing violations under the continuance violations doctrine. Here, we make a takings argument. We make a discrimination argument. So I think the plaintiffs cover all bases as it relates to the statute of limitations in this matter. I believe the district court got it wrong. They stated that the parties should have known this action should have accrued the month they stopped receiving services. Well, they didn't know the month they stopped receiving services that they would continuously stop receiving services based on the negligence and incompetency of the Huron County Child Support Enforcement Agency. There was no way to know. These are two people who are paying into a system, ordered to pay into a system. There's consequences if they don't pay into this system. Rights are taken away, license taken away. But then we have people running the system who can't get it right. So, you know, there's a number of things that they do. They call Ingham County in 2012 and say, we don't want this foreign support order anymore. We're ordering it back to you. And that was part of the complaint and the motion to dismiss that transmittal from Huron County to Ingham County. It says, we don't want this case anymore. It's back to your case. Ingham County is like, whoa, you told us in 2006 you took it over. We closed the file here even though you were erroneously sending payments here that we were receiving and intercepting because you didn't file the order right. It's still your case. So Huron County goes, OK, well now what do we do? It's still our case. We don't know what arrearages are. We don't know what he paid into. We don't know how to file this foreign support order. So these two individuals, it's all about the children. The children are not receiving child support services. Understanding that, he was making gratuitous payments because child support wouldn't take his payments. So now all the gratuitous payments he's made, as this court is aware, child support doesn't recognize. It's not recognized. So we go back, his arrearages are going to be somewhere in the $20,000 to $30,000 to $40,000 range, if not more, given his income from the different variety of jobs that he's had the past six years. Nobody knows what's going on here. And it's an injustice not only to the children but to the parties and to the system because this woman could apply for welfare given her circumstances, but she's not because she's supposed to be receiving the child support for six years. No child support because this county can't get it right. They tell him, sign the waivers, and then we'll enter another order. We'll try again. Sign this affidavit of arrearages to wipe out all arrearages because we don't really know what your arrearages are. Stop calling us. We don't want to hear from you anymore. This is a government entity that's being paid to do this service, and they're not doing it for these individuals. The only remedy here is in 1983, and we know under Blessing v. Freestone that the court did not limit a right under 1983 to bring this cause of action. The district court wants to talk about Clark v. Portage County and Blessing. Those are two separate issues in both those cases versus what we have here. Here we have a takings. We have failure to understand how to register the support order. I'm sorry, Clark was a class action because they weren't collecting arrearages. I know you're about to run out of time, but let me just ask you. The magistrate judge who took this case, I believe, on consent said that the claims were barred by the statute of limitations. I believe that she found that the federal claims were barred and that the state claims were not timely. Do you want to address that briefly? Even if that's true, Your Honor, it's still going on today. These violations, this red dress is available right now. So even if the court wants to take out 2008 to 2000 from the date of filing or before then, two years before then, that's fine because this issue is still going on. So it doesn't matter if it was time barred given the federal statute of limitations as the court directed. It's still happening. So they properly brought their complaint and prior to that had the two years. So we could say from 2012. Even if it's barred? Are you saying that it's not barred because it's continuing? It's still going on. Yes. So if they want to claim the 2008 to 2010s barred, fine. That's fine. But this violation is still going on. So you still have the claims from 2012 to present because in January of 2014, again, they denied the order for enforcement and modification of the foreign support order. Thank you, Your Honors. Thank you, Counsel. Good morning, Your Honors. May it please the court. My name is Matthew Teeter and I'm representing the appellees in this matter. Mr. Teeters, why can't Huron County get it right? There have been procedural issues and there have been multiple attempts. The crux of it is that a county child support enforcement agency acts essentially as a liaison for parents who are parties to a child support order. But isn't competency to do that job presumed? What we've heard from counsel all morning is people there can't get it right, don't know how to do the job, are not competent to do the job, and it's resulted in violations of these folks' rights and a complete breakdown in the services. Well, tabling for a minute whether or not these are actually constitutionally protected rights, there have been several attempts by Heather Carmen and other members of child support enforcement to get this registered for modification, enforcement, and continuing jurisdiction. The crux is that there were procedural missteps and the court has not registered it for all three of those on the multiple attempts. Some of those attempts were a re-registration. It wasn't a full-blown, we are going to dismiss this case and re-register. It was an attempt to just amend what the original registration was for the order that was registered back in 2006. Parents don't have any option whatsoever with regard to where child support payments have to be made, do they? That is not true, Your Honor. If the parties agree, which is what was alleged in the point here, parents can make those child support payments to the parent. If there's enforcement issues, then you can go through child support enforcement. You can go through CSEA. The duties of CSEA through Title IV-D and through the revised code are to operate a system for that enforcement. If you have a foreign, an order from another state, and then you come into this state, if you're going to have any enforcement, though, it has to go through the county. That's correct. So if the county continually says, boy, it beats us. We sure don't know how to get this done. What is a parent supposed to do? The parent can attempt to do it on their own. We have tried to work with the appellants on multiple occasions. One of the times that the case was that the order was not registered after this 2009, when the judge found that it was not registered for modification, we needed to get affidavits from the appellants within 30 days to get it fully registered. That did not happen because the appellants would not come in and work with us or that they would not sign the affidavits. Well, it sure seems to me that if everybody got together, anybody could get it resolved. It looks like a very simple item. And you agree that your county is not entitled to keep this money and put it away? That's right, Your Honor. And the balance of any money collected is always available to those parties. The balance that was last made was $0. There is no balance. There's no balance left. There is no balance left. That's a public record. Where is it? If they haven't been receiving this money, do you claim that the children's parent has been receiving this money? The balance of the money received has already been paid out. That was paid out back in 2009. There has not been any money received since then. So there's no place where it is because it doesn't exist. That balance sheet has always been available. If either appellant would come in and ask for it, it's available to them. But you just said it's not. Oh, the balance sheet is available. The balance sheet. There is no actual balance. But this is not a situation in which the parents have agreed with court sanction that they can take care of child support independent of the court and the child services agency. This is not that situation, correct? Well, according to their amended complaint, it was that the parents do allege that they mutually agreed. However, through the course of this litigation, they apparently do not agree on the total of arrearages. In the most recent attempt, last year in October, after the appellants went through the administrative hearing process and CSCA was ordered to attempt to refile within 30 days, they did so. The court in that case, the Huron County Court of Common Pleas, denied the attempt to re-register because it was filed under the wrong case number. There's two case numbers in Huron County for this. So then what happened? That was denied at the Huron County Court of Common Pleas. Subsequently, the district court dismissed this lawsuit, and since then there has been no attempt by the appellants to have this re-registered. I want to go back to the balance sheet again. You said there's a zero balance sheet. Is it a zero balance sheet because Huron, as counsel said, refused to accept the payments and they've gone to the Michigan court? Or is it a zero balance because you all have actually distributed the money to the children? Currently there is no money to distribute, so that's why there is no balance. No, I said is it because you have distributed it already? Yes. At some time in the past to the intended beneficiaries? That's correct. The money has been distributed. There has not been any more money coming in, and CSEA cannot accept the money because the order has not been registered here. So for that period of time, at least insofar as the agency responsible is concerned, you don't know whether there's actually been any child support provided for the children who are the victims of this? Except for the amended complaint that says Mr. Ward has given payments to Don, quote-unquote, gratuitously, although he is still under a court order. The hearing that took place in the Huron County Common Pleas Court, where CSEA is not a party, we act as a liaison between the court and the parents and attempt to do administrative enforcement or facilitate administrative enforcement. At that hearing, the judge asked both appellants if they had any accounting of the support payments made since the last payments back in 2009. Neither appellant had any documentation of that and didn't bring it to the hearing as I believe they were instructed to do. Of course, you've been instructed to do things which you haven't done properly, so, you know, one would... Well, and we have attempted to re-register the foreign order. However, we can't guarantee that the court will accept everything that we filed. How tough is this procedure? I mean, you make it sound like nobody but a Philadelphia lawyer could get this figured out, and I'm thinking that's probably not true. And it makes it more difficult when you don't have full cooperation from one or either of the parties to the order. There have been instances where Mr. Ward has not facilitated getting the order registered and there have been instances where Mrs. Guba has not facilitated it. Ultimately, I believe this is still a state matter. The parents can get this order filed on their own. They can get this produced, and then it can be enforced through us. But the duty of CSEA is not to act as their lawyer. It is to facilitate a program through which enforcement of the support order that is already registered can be established. Well, now, when this was originally registered, it worked for a while because nobody noticed that there was a problem. Could the parents, all on their own, have fixed that problem once it was called to someone's attention? They could have if the court had accepted a modification. We attempted to do that as their liaison and as the Child Support Enforcement Agency. However, it was not accepted. And that's sort of like, gosh, accidents happen. It was not accepted because why? I believe in 2009 we didn't have the affidavit from Sean Ward. And part of the procedural requirements of 3115 are that we need to have the affidavits in order to get it registered for modification. Well, did you let him know that that's what he's supposed to do? And we did let him know it was supposed to be done within 30 days. The original order in 2009 said we had to do it within 30 days. We asked him to come in to sign one, and he wouldn't do it. As far as the district court's opinion, they found that not only was this barred by the statute of limitations, but there was no individualized right to collect and receive child services or to collect and pay child services. Logically, it's inconsistent that there be a constitutional right to pay child services. A father has been ordered to. In the amended completings, Mr. Ward says that he wants to pay child support services. He can pay those child support services and keep a record of what he's paid. The district court properly found that there was no constitutional right, and this court has also found that the only statute cited by the appellants in their amended complaint was 45 CFR 303. In Clark v. Portage County, this court found that that statute did not confer an individualized and enforceable right under federal law. Additionally, in their briefing, appellants attempt to cite to other federal statutes they claim give them an enforceable right to pursue under 1983. They cite to 42 U.S.C. 654 and 657. However, this court once again in Hewlett v. Romersensky confirmed that neither of these statutes confer an individual right. The appellants also cite to 45 CFR 302.51. That statute, much like the statute that this court contemplated in Clark, is a general statute devising how funds that are already collected may be dispersed. It does not confer an individual right. It's more of an aggregate focus, and it's an administrative statute that tells county children's services and child support enforcement agencies how to disperse the funds once already collected under a registered support order. Ultimately, the district court found that a failure to collect and distribute child support was not a protected right under the Constitution. To rule otherwise in this case would say that any time child support enforcement made a party to a child support order unhappy or displeased with the result that a common pleas court came up with, they could sue under federal law because all of their rights are enforceable. Moving on to the second reason that the district court dismissed all claims was the statute of limitations. The appellants did not contend that 274404 does not apply in this case, simply based on the fact that child support enforcement has continued in their duty to try and operate a program of enforcement since 2009. With respect to these two individuals, they claim a continuing violations theory. That theory does not apply for two reasons. The first reason is that the appellants have not identified any discriminatory policy or discriminatory conduct. There is no discriminatory conduct alleged in the amended complaint. What's your best case for saying that the continuing violations theory is limited to discrimination? As far as I know, the only cases briefed have been with respect, and they were briefed by the appellants, with respect to the takings clause and with respect to discriminatory conduct. Their brief specifically alleges discriminatory conduct is the reason that the continuing violations theory applies. However, that ad hoc argument that it applies because there's some vague discriminatory conduct in their briefing should not apply and should not be caused for reversal based on their amended complaint. What their amended complaint does not allege is any discriminatory conduct, that they are a member of any protected class, or that they were treated differently than any other member not in their protected class. Those are the three keys to discriminatory conduct, and their complaint is completely devoid of all three. In their reply brief, they drop the discriminatory conduct completely and espouse an estoppel theory based on the fact that additional steps were taken after 2009 to attempt to register this support order. That is Child Support Enforcement Agency's duty. We are to attempt to put in place and run and operate a program of enforcement. If they had come to us tomorrow, we will still continue to register that. Well, no, I guess you'd want to say you would continue to try, because you never have registered. I would continue to attempt to register that. That's correct. However, their estoppel theory says that because we acted under that duty, they're allowed to apply the continuing violations theory. We are under no obligation to act as their attorneys, and we are not under any obligation to preserve their right to sue us. If they had wanted to sue, they were allowed to sue. However, after knowing that there were no child support amendments from 2009, they waited until March of 2013 to file this suit. They give no explanation as to why they waited, only that we were attempting to rectify the situation. And that goes along with the immunity arguments, and the reason the court found that we were immune was that we continued and continue to attempt to register this. We cannot guarantee the outcomes of the Huron County Common Pleas or what they perceive their procedures to be. I see that I'm out of time. I thank you for your time today. Thank you, counsel. Rebuttal? Thank you, Your Honors. First and foremost, counsel makes it sound like plaintiffs can walk into and ask for certain things to be done. Huron County will not speak with the plaintiffs at this point. They stopped speaking to the plaintiffs in 2013. Plaintiff Guba has attempted to refile for an administrative hearing. They won't talk to her. Plaintiff Ward has tried to pay back into the system because he's working full-time now, has funds, and his arrearages, he had arrearages at the time that this action was filed. You said that Huron County stopped speaking to the plaintiffs in 2013, but did they continue to speak to them between 2009 and 2013? Yes. Between 2009 and 2013, the plaintiffs, especially Plaintiff Guba, continuously called. She was told that it was being registered. It was being registered. In 2008 and 2009, when Heather Carmen registered the orders, no notice was even given to plaintiffs. Plaintiffs had no clue that was going on in 2008 and 2009. 2010, it's denied again, still no funds. She's still calling. 2011, and they're providing the documentation. Counsel said that they weren't providing all the documentation affidavits. There was no affidavit needed by Sean Ward to register this support order. Nothing was needed by Sean Ward or Don Guba to register this support order. The court stated on numerous occasions the issue was the paperwork Heather Carmen was providing, the failure to get the certified Ingham County record from Michigan. It wasn't anything to do with Sean or Don's actions in this matter. It was the actions of Huron County. And understanding that Huron County is not the attorney for the parents, they still provide these services. They're mandated federally and by state to provide these services. Do you agree with your opponent that the county doesn't hold any funds now that are due? No, we don't agree with that. We state that there are funds being held that nobody knows what the funds, how much funds are being held and what the arrearages are and what was paid to Ms. Guba. Yeah, they gave us a sheet that shows 000 is all the payment, but they don't show us the sheet where the payments went to Ingham County, where the payments were held, what went to arrearages. So nobody knows what amount is supposed to go to Ms. Guba. And I understand we could sit down and figure this out with a forensic accountant or someone to figure this out, but they just want support services in general. And we do allege that Mr. Ward was paying Ms. Guba 100 bucks here, 100 bucks there every other month when he had the money. And that is considered gratuitous. Council keeps wanting to say that they could go by themselves and do that, but that's not the point. There was a foreign support order that was registered in 2006 that Ms. Guba wanted to continue through Huron County because there's issues between the parties. Even though they get along, they're civil, it's still money from dad to mom that mom needs to support these two children, now it's one child. I'm sorry, three children, then two children, now it's one child. So the Child Support Enforcement Agency is there to make sure that she's getting these payments. She's not getting these payments. She's not getting any payments now from Mr. Ward because he attempted, I think, two months ago, actually it was a month and a half ago, to go into Child Support, ask what he needed to do to start paying into the system because he's making substantial money at this point. So even if we were to go in and figure out from 2008 to current what his employment was, what his child support payments were supposed to be, what the arrearages were, what the percentage for medical support is, it's going to be amazing if anybody can figure out that amount at this point. The damage has been done. Due process rights have been stepped on. There is an individual right through Blessing, through Clark, because there are specific instances of violations that Huron County and all defendants have done in this matter. The court in Blessing said you haven't showed us something individualized that's going on here so you don't get the right. Clark did the same thing. Here we've shown failure to register support order, failure to take the money given to plaintiff, taking the money of plaintiff Ward and not giving it to Ms. Guba. I'm out of time, Your Honors, but thank you so much. Thank you. The case will be submitted. There being nothing further to be argued this morning, you may adjourn the court.